Pratt, J.
The general rule of law applicable to this class of cases may be expressed as follows: “An employer is bound to instruct his servants as to all risks and dangers which are or ought to be known to him, and which he, as a prudent man, having due regard for the age and experience of each, would not be justified in assuming were sufficiently obvious to them.”
The whole claim in this case is based upon a failure to give proper instructions and caution. If, considering the age and experience of the plaintiff, the danger was obvious, then no negligence could be imputed to the defendant for a failure to give notice.
This is not such a case as a jury should be permitted to say that as a reasonable prudent man, under the circumstances, the defendant should have given further instructions.
It is also a pertinent inquiry whether any amount of instruction would have prevented the injury, for it was undoubtedly the result of pure accident. The cup slipped out of plaintiff’s hand and he instantly and thoughtlessly grabbed for it and his hand got caught between the rollers. What reason had the defendant to apprehend that such an accident could occur ? If no reasonable man could anticipate such an accident to happen, then negligence could not be imputed in failing to guard against it. 84 N. Y., 455.
The work at which the boy was employed was perfectly safe, and he had been properly instructed how to perform it, and had safely done so for thes pace of about three weeks prior to the accident.
The machinery was, so far as appears, perfect and was under the charge of a competent man. The duties required of the plaintiff did not place him in the proximity of any *43 danger and, so far as appears, no injury could have happened to him except for the unforseen and fortuitous circumstances of the cup slipping from his hand and his hasty attempt to recover it. It is quite different from a case of employing a boy to tend a machine where his duties continually subject him to the liability to injury from machinery. Here his duties did not require him to go at ail in dangerous proximity to the machine and, so long as he performed his duties, there was no risk whatever of accident.
Could any reasonable man say that it was negligent for the defendant to assume, under all the circumstances of this case, that the danger of being caught between the drum and the pivot rollers was perfectly obvious to the plaintiff ? A proposition so plain as that, a jury should not be permitted to negative by their verdict.
It was not a case where honest men might differ as to the conclusion to be drawn upon this question.
The plaintiff had been at work for about two months in plain view of this machine, and became familiar with its operation, and must have known that if his hand got in between the rollers it would be hurt. But the question is not whether he knew it, but whether the defendant, as a reasonable prudent man, had not a right to assume he knew it.
There are constant dangers in all employments so obvious that no man would think of cautioning a boy of twelve years old to avoid them. No danger can be more obvious than that of thrusting the hand between heavy rollers when in motion, and no instruction could add emphasis to such danger. It may be said that the same care and circumspection cannot be expected of a boy, and that hence he should receive extra caution. This principle might apply if he had been set to feeding some material into the rollers with his hands in close proximity to them, but not here, where he was not expected to be near the machine.
It seems to me the proximate cause of the accident was in the plaintiff letting the cup slip from his hand and grabbing after it in a thoughtless and careless manner, and that there was an utter failure to establish any negligence on the part of the defendant. No instruction could make the danger more obvious, and no instruction could have provided against such an unforseen occurrence.
We think that judgment should be directed for the defendant upon the nonsuit.
Barnard and Dykman, JJ., concur.
Barnard, P. J.
The only negligence which the plaintiff attempted to prove on the trial, for which the defendant *44 was responsible, consisted in a failure to instruct the plaintiff, a boy of twelve years of age, of the danger of the employment. The proof failed to make a case for a jury. The machine was one for printing wall paper. There was a large iron drum covered with felt or rubber. The plaintiff fed colors and washed the cloths. He was instructed how to throw water on the inside of the cloth and had seen other children throw it on in front. ‘ Tt was an easy thing to do,” the plaintiff testifies. The cup slipped from his hand and the plaintiff attempted to catch it, and his hand in so doing was caught in the machine and injured. The machines were safe of themselves and such as were proper of the kind and were in perfect repair. The plaintiff was perfectly informed in respect to his duties, and that duty was not a difficult one for a boy of his age.
The proof, therefore, tended to show nothing which would sustain this cause of action against the master for his neglect.
The exception should, therefore, be overruled and judgment ordered for the defendant upon the nonsuit.